# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 8135 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| DR. JONATHAN KELLY, and | ) | |
| WEXFORD HEALTH SOURCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court denies Defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). [25]. Defendants' Answer is due on or before January 20, 2017. Rule 26(a)(1) disclosures shall be exchanged by January 31, 2017.

## STATEMENT

On June 10, 2016, Plaintiff Robert Williams, by counsel, brought a one-count First Amended Complaint against Defendants Dr. Jonathan Kelly ("Dr. Kelly") and Wexford Health Source, Inc. ("Wexford") alleging deprivations of his Eighth Amendment rights in relation to his medical care while incarcerated at Stateville Correctional Center ("Stateville"). *See* 42 U.S.C. § 1983. Before the Court is Defendants' Rule 12(b)(6) motion to dismiss. For the following reasons, the Court denies Defendants' motion.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and

draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

## BACKGROUND

In his First Amended Complaint, Plaintiff alleges that he is a 55-year-old male who is currently incarcerated at Pontiac Correctional Center ("Pontiac"). (R. 17, First Am. Compl. ¶ 5.) Prior his transfer to Pontiac, Plaintiff was incarcerated at Stateville segregation unit F House. (*Id*.) Plaintiff alleges that he has been diagnosed with severe mental illnesses, including schizophrenia, bi-polar disorder, schizoaffective disorder, and anti-social personality disorder. (*Id*. ¶¶ 5, 8.) Further, Plaintiff alleges that Wexford provides health care services, including mental health services, throughout the Illinois Department of Corrections ("IDOC"). (*Id*. ¶ 6.) Defendant Dr. Kelly was and is a psychiatrist at Stateville during the relevant time period. (*Id*. ¶ 7.)

Plaintiff has been incarcerated since 1998, and, over the course of his incarceration, IDOC physicians have prescribed him pharmaceutical drugs including, Risperdal, Geodon, Depakote, Paxil, Cogentin, and Trilafon. (*Id*. ¶¶ 9, 10.) For the majority of the years he has been incarcerated, Plaintiff's mental healthcare doctors prescribed him Risperdal to treat his schizophrenia and bi-polar disorder. (*Id*. ¶¶ 11, 12.) According to Plaintiff, IDOC physicians took him off of Risperdal three to four times during his incarceration, yet IDOC mental health doctors have continued to prescribe Risperdal until March 2014. (*Id*. ¶¶ 11, 13.) Plaintiff maintains that none of IDOC's mental health physicians who prescribed Risperdal advised him of the possible side effects. (*Id*. ¶ 13.) Plaintiff also asserts that Wexford has failed to adopt policies and practices requiring mental health doctors to fully advise their patients, such as Plaintiff, of the risk of serious side effects of drugs such as Risperdal. (*Id*. ¶ 14.)

In or around January 2013, not long after IDOC transferred Plaintiff to Stateville, Dr. Kelly prescribed Risperdal to Plaintiff, but did not advise Plaintiff of the drug's serious side effects, such as gynecomastia, namely, swollen male breast tissue and glands. (*Id*. ¶¶ 7, 14, 16.) Plaintiff further alleges that Dr. Kelly and the IDOC mental health doctors disregarded the substantial risk of gynecomastia, and failed to advise him that gynecomastia was a primary side effect of Risperdal. (*Id*. ¶ 19.) He states that had he known of Risperdal's side effects, he "would not have agreed to take Risperdal." (*Id*. ¶ 20.) Plaintiff states that he developed gynecomastia during the relevant time period resulting in significant physical soreness and pain. (*Id*. ¶ 22.) Furthermore, Plaintiff maintains that after Dr. Kelly took him off of Risperdal in March 2014, Dr. Kelly avoided him and refused to see Plaintiff for his regular monthly visits. (*Id*. ¶ 23.) Eventually, another IDOC doctor treated Plaintiff for his mental health issues. (*Id*. ¶ 24.)

## ANALYSIS

"A prison official may be found in violation of an inmate's Eighth Amendment right to be free from cruel and unusual punishment if she acts (or fails to act) with 'deliberate indifference to [his] serious medical needs.'" *Conley v. Birch,* 796 F.3d 742, 746 (7th Cir. 2015) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Deliberate indifference claims contain both an objective and a subjective component, namely, the inmate must have an objectively serious medical condition and the defendant must be subjectively aware

of and consciously disregard the inmate's serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016). "An objectively serious medical condition is one that 'a physician has diagnosed as needing treatment" or that is so obviously serious "that even a lay person would easily recognize the necessity for a doctor's attention.'" *McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016) (citation omitted).

In the present motion to dismiss, Defendants do not focus on whether Plaintiff properly alleged that he suffers from an objectively serious medical condition.[1] Instead, Defendants argue Plaintiff's allegations that IDOC physicians provided medical treatment without his informed consent do not rise to the level of the subjective component of deliberate indifference. *See, e.g.*, *Smith v. Peters*, No. 95 C 3009, 1995 WL 382953, at *3 (N.D. Ill. June 23, 1995) ("Medical treatment that is unauthorized or given without informed consent may be medical malpractice under state law."). On the other hand, Plaintiff points to recent Seventh Circuit case law explaining claims based on a failure to warn about the side effects of prescription drugs:

> Some circuits have held that "[p]risoners have a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment." *White v. Napoleon,* 897 F.2d 103, 113 (3d Cir.1990); *see also Pabon v. Wright,* 459 F.3d 241, 250 (2d Cir.2006) (same). But "a doctor should not be required to provide each prisoner-patient with an exhaustive list of all the possible adverse effects of each aspect of his treatment. Instead, a doctor simply must provide a prisoner with such information as a reasonable patient would find necessary." *Pabon,* 459 F.3d at 250. Otherwise, "after receiving appropriate treatment that proved to have unpleasant side effects, a prisoner might claim that he had not received sufficient information to allow him to decide whether to refuse that treatment." *Id.* Although we have not had occasion to comment on this precise standard, we have adopted a general rule that is consistent with these circuits: The Eighth Amendment protects inmates from deliberate indifference to *substantial* risks of serious damage to their health. *See Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Roe v. Elyea,* 631 F.3d 843, 858 (7th Cir. 2011); *Board v. Farnham,* 394 F.3d 469, 479 (7th Cir. 2005).

*Phillips v. Wexford Health Sources, Inc.*, 522 Fed. Appx. 364, 367 (7th Cir. 2013) (emphasis in original). In other words, "one type of deliberate indifference claim is where a doctor fails to disclose information that is 'reasonably necessary to make an informed decision to accept or reject proposed treatment,' but only if the failure to disclose creates a substantial risk of serious damage to the prisoner's health." *Manzanales v. Krishna*, 113 F. Supp. 3d 972, 979 (N.D. Ill. 2015) (quoting Phillips, 522 Fed. Appx. at 366-67); *see also Cox v. Brubaker,* 558 Fed.Appx. 677, 678-79 (7th Cir. 2014).

---

[1] For the first time in their reply brief, Defendants make the cursory argument that Plaintiff must allege that he suffers from a "serious damage to his health." Not only is Defendants' argument perfunctory, but it is well-settled in this Circuit that arguments raised for the first time in a reply brief are waived. *See Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 360 (7th Cir. 2016).

3

Under the circumstances, Plaintiff has plausibly alleged his deliberate indifference claim because he alleges that the risk of the serious health condition gynecomastia was substantial enough that Dr. Kelly and other IDOC medical professionals – who were aware of this serious side effect of Risperdal – should have advised him of this side effect so that he could have made an informed decision. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Under *Phillips* and *Cox*, Plaintiff's allegations fulfill the subjective prong under the deliberate indifference standard. *See Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016) ("A prison official may be liable for deliberate indifference only if he 'knows of and disregards an excessive risk to inmate health or safety.") (quoting *Farmer*, 511 U.S. at 837). The Court therefore denies Defendants' motion to dismiss.

**Dated:** January 5, 2017

**AMY J. ST. EVE**
**United States District Court Judge**